FILED
OCT 1 3 2006
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-00-0505-MJJ |
| Plaintiff, | [PROPOSED] PROTECTIVE ORDER REGARDING PRODUCTION OF REDACTED NOTES OF INTERVIEW OF CHARLES W. McCALL |
| v. | |
| CHARLES W. MCCALL and JAY M. LAPINE | |
| Defendants. | |

A.   By order dated January 10, 2003, the Court permitted McKesson to intervene in this case.

B.   On April 28, 1999, McKesson publicly disclosed that its auditors had discovered that certain contingent software sales at its HBO & Company ("HBOC") subsidiary had been improperly recorded as revenue and had been reversed.

C.   Thereafter, the Audit Committee of the Board of Directors of McKesson engaged the law firm of Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden") to conduct an investigation into the facts and circumstances relating to the accounting practices at issue ("Review").

D.   In the course of the Review, Skadden conducted interviews of current and former employees of McKesson and HBOC and prepared memoranda for each of the interviews ("Interview Memoranda"). The memoranda are identified on their face as "PRIVILEGED AND CONFIDENTIAL; SUBJECT TO THE ATTORNEY WORK PRODUCT AND ATTORNEY-CLIENT PRIVILEGES."

E.   Based upon the information obtained and the conclusions reached in the Review, Skadden prepared a report ("Audit Committee Report"), which included three volumes of

1  exhibits. The Audit Committee Report and its exhibits are identified on their face as
2  "PRIVILEGED AND CONFIDENTIAL; SUBJECT TO THE ATTORNEY WORK PRODUCT
3  AND ATTORNEY-CLIENT PRIVILEGES."

4    F. McKesson produced the Audit Committee Report, including the three volumes of
5  exhibits, and the Interview Memoranda to the United States Attorney's Office for the Northern
6  District of California ("USAO") pursuant to a Confidentiality Agreement dated May 28, 1999
7  ("Confidentiality Agreement").

8    G. On October 5, 2006, defendant Charles McCall served McKesson with a
9  subpoena seeking production of documents related to the Interview Memorandum Skadden
10  prepared in connection with its May 28, 1999, interview of Mr. McCall, including the notes taken
11  during the interview by any Skadden attorney.

12    H. On October 10, 2006, counsel for McKesson and Mr. McCall met and conferred
13  and agreed to limit the scope of the subpoena to include only certain agreed-upon portions of the
14  handwritten notes taken by a Skadden attorney during the course of Mr. McCall's interview (the
15  "Redacted Notes"). Mr. McCall agrees that McKesson is not required to produce any additional
16  documents pursuant to the October 5, 2006, subpoena.

17    I. Neither Mr. McCall, Mr. Lapine nor the USAO will contend that by producing the
18  Redacted Notes, McKesson is waiving any attorney-client or work product privilege protections
19  with respect to any topics addressed in the notes taken by a Skadden attorney during the course of
20  Mr. McCall's interview, other than those topics addressed in the Redacted Notes, or with respect
21  to any Interview Memoranda.

22    J. Accordingly, Skadden is directed to produce the Redacted Notes to Mr. McCall,
23  Mr. Lapine and to the USAO pursuant to the terms of this protective order.

24  IT IS THEREFORE ORDERED:

25    1. McKesson shall produce the Redacted Notes to Mr. McCall, Mr. Lapine and the
26  USAO within one business day of the date of notice of entry of this Order.

27    2. The Redacted Notes shall be used by Mr. McCall, Mr. Lapine and the USAO
28  solely for the purpose of this case and shall not be provided to parties, counsel, consultants or

expert witnesses employed by Mr. McCall, Mr. Lapine or the USAO in any other litigation or administrative proceeding, except as otherwise may be required or permitted by an order issued in such other litigation or administrative proceeding.

3. Except with the prior written consent of McKesson, or upon prior order of this Court obtained upon notice to the same, Mr. McCall, Mr. Lapine and the USAO may not disclose the Redacted Notes to any person other than:

(A) any person who was present at the interview of Mr. McCall who is expected to testify in the trial of this proceeding;

(B) Mr. McCall's and Mr. Lapine's counsel, any clerical, paralegal and other staff employed by such counsel, and any outside vendor assisting in the conduct of the case;

(C) consultants and expert witnesses retained for the defense in this case, provided that each such person shall execute a copy of the Certification annexed to this Order (which shall be retained by counsel to Mr. McCall or Mr. Lapine, as appropriate, and made available for inspection by the Court, the USAO or McKesson upon good cause shown and upon an order of the Court) before being shown or given the Redacted Notes; and

(D) the Court, court personnel, potential jurors, jurors or alternate jurors.

4. Any person receiving the Redacted Notes pursuant to this Order shall not reveal or discuss the Redacted Notes to or with any person who is not entitled to receive such information, except as set forth herein.

5. In the event any person receiving the Redacted Notes pursuant to this Order wishes to use any part of the Redacted Notes, or any papers containing or making reference to the Redacted Notes, in any pleading, application, motion or document filed with the Court in this case, such pleading, application, motion or document shall be filed under seal, until such time as the Court orders otherwise, or denies permission to file under seal, and such pleading, application, motion or document shall be filed with the Court in sealed envelopes or other appropriate sealed containers. On the outside of the envelopes, the contents shall be identified. The word "CONFIDENTIAL" shall be stamped on the envelope and a statement substantially in the following form shall also be printed on the envelope:

1  This envelope is sealed pursuant to Order of the Court, contains confidential
2  information and is not to be opened or the contents revealed, except by Order of
3  the Court or agreement by the parties.

4  6.  All provisions of this Order shall continue to be binding after the conclusion of
5  this case, *including any appeal* unless otherwise ordered. Within thirty (30) days after the conclusion of this case,
6  either in the District Court or in the appellate courts, Mr. McCall, Mr. Lapine and the USAO
7  shall return the Redacted Notes and all papers containing or making reference to the contents of
8  the Redacted Notes to McKesson.

9  7.  The production or use of the Redacted Notes pursuant to this Order does not
10 constitute a waiver of any applicable privilege or work product protection. Nothing herein is
11 intended to prejudice McKesson's position in any other case, including but not limited to the
12 proceedings captioned In re McKesson HBOC, Inc. Securities Litigation, Case No. C99-20743
13 RMW (N.D. Cal.); Arthur Andersen LLP v. McKesson and HBOC, Case No. C-06-02035 RMW
14 (N.D. Cal.); McKesson Corp. et al. v. Arthur Andersen LLP et al., Case No. C-05-04020 RMW
15 (N.D. Cal.); Green v. McKesson, Inc., Case No. 2002 CV 48407 (Ga. Super. Ct.); and Hall
16 Family Investments, L.P. v. McKesson, Inc., Case No. 2002 CV 48612 (Ga. Super. Ct.), that the
17 Redacted Notes remains protected by the attorney-client privilege and the attorney work product
18 doctrine.

19 8.  If any person receiving material covered by this Order is subpoenaed in another
20 action or proceeding or served with a document demand, and such subpoena or document
21 demand seeks any of the Redacted Notes or any papers containing or making reference to the
22 contents of any of the Redacted Notes, the person receiving the subpoena or document demand
23 shall give prompt written notice to the USAO and to McKesson, and shall, to the extent
24 permitted by law, withhold production of the subpoenaed material until any dispute relating to
25 the production of such material is resolved.

26 ///
27 ///
28 ///

1  SO ORDERED.

2  Dated: October 13 2006

                                                 THE HONORABLE MARTIN J. JENKINS
                                                      Unites States District Judge

CERTIFICATION

I hereby certify my understanding that pursuant to the terms and restrictions of the Protective Order dated October ___, 2006 in United States v. McCall and Lapine, Case No. CR-00-0505-MJJ (N.D. Cal.) ("Protective Order"), a copy or the substance of the contents of the Redacted Notes as defined in the Protective Order ("Confidential Material") are being made available to me. I have been given a copy of the Protective Order and read it. I agree to be bound by the Protective Order.

1. I shall use information I learn as a result of having access to Confidential Material solely for the purposes of this case and for no other purpose.

2. I shall not disclose Confidential Material to anyone, except as authorized by the Protective Order.

3. I shall maintain Confidential Material, including copies, notes, or other transcriptions made therefrom, in a secure manner to prevent unauthorized access to it.

4. No later than thirty (30) days after the conclusion of this processing, I will return any Confidential Material, including copies, notes or other transcriptions made therefrom, to the USAO.

5. I hereby consent to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing these representations and the Protective Order.

DATED: _____

SIGNED: _____

190790-San Francisco S1A