**United States District Court**

For the Northern District of California

1

2

3

4                    IN THE UNITED STATES DISTRICT COURT

5

6          FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8     UNITED STATES OF AMERICA,

9              Plaintiff,                         No. CR 00-0505 WHA

10        v.

11     CHARLES W. McCALL,                          **ORDER DENYING BAIL**
                                                   **PENDING APPEAL**
12              Defendant.

13     _____/

14          At his sentencing on March 5, 2010, defendant Charles McCall's motion for bail

15     pending appeal was denied.  A summary statement of reasons was then given.  This order

16     amplifies.

17          Pursuant to 18 U.S.C. 3143(b)(1), release pending appeal shall be granted where (1)

18     defendant is not likely to flee or pose a danger to any other person or to the community, (2) the

19     appeal is not for purposes of delay, (3) the appeal will "raise[] a substantial question of law or

20     fact" and (4) that question, if resolved in defendant's favor, is "likely to result" in a reversal of

21     the conviction or new trial.

22          New appellate counsel states that he will raise several arguments on appeal.  First, he

23     will argue that the jury instructions misstated the *mens rea* necessary to convict him on the four

24     securities fraud charges against him.  Second, he will argue that this supposed misstatement

25     somehow "infected" the jury instruction describing the different *mens rea* necessary to convict

26     him of circumventing internal accounting controls.  Third, he will argue that the Court erred by

27     failing to interview more jurors after the evidentiary hearing on December 8 at which two jurors

28     testified regarding a point of concern raised by one juror's written responses to a generic post-

trial survey filled out voluntarily by some jurors.

United States District Court

For the Northern District of California

1    Defendant now contends that Jury Instruction No. 24's definition of reckless disregard

2    was incorrect.  Although he previously objected generally to including *any* instruction as to

3    reckless disregard and proposed in the alternative a different definition formulated by Judge

4    Jenkins, he did not distinctly object until after trial to the sentence he now challenges, italicized

5    below.

6    The instruction stated in relevant part:

7        You may find that a defendant acted with a purpose to defraud as

8        to a statement or failure to disclose if you find beyond a

9        reasonable doubt that said defendant acted with knowledge that

10       the statement or failure to disclose was false or misleading, or

11       with a reckless disregard for the truth or falsity of that statement

12       or failure to disclose.  *Reckless disregard occurs when a*

13       *statement is knowingly made without regard to its truth or falsity.*

14   For the first time, defendant challenges the italicized sentence quoted above because he

15   contends it invited the jury to conclude that he acted "willfully" if he acted "without regard" to

16   whether his actions or statements regarding revenue recognition might turn out to be untrue.

17   This would (he claims) equate "willfully" with little more than simple negligence.

18   New appellate counsel's argument is based on a misreading of the instruction that

19   ignores the word "knowingly."  In the most obvious construction of the sentence in question,

20   the word "knowingly" modified the rest of the sentence:  that reckless disregard required that

21   defendant made the statement *knowing* that it was without regard to its truth or falsity.

22   Grammatically, there was no comma after the word "made" to indicate that the word

23   "knowingly" should not apply to the rest of the sentence.  We all know when we make a

24   statement, so the word "knowingly" plainly modified the rest of the sentence, not just the word

25   "made."  Furthermore, the closing arguments never veered off into the far-fetched

26   interpretations now imagined by new appellate counsel.

27   Given this more obvious logical and grammatical construction, the jury instruction as

28   given is in accord with the Ninth Circuit's holding in *United States v. Tarallo*, which held that a

United States District Court

For the Northern District of California

1  defendant could willfully commit securities fraud by "willfully acting with reckless indifference

2  to the truth of statements made in the course of the fraud."  380 F.3d 1174, 1189.  Defendant

3  cannot show a substantial question of law or fact on appeal on this issue.

4        The reckless disregard instruction was not given on the count of circumventing

5  accounting controls.  Defendant's argument that there was error regarding the jury instruction

6  for that count is beyond the pale. New appellate counsel argues that the reckless disregard

7  instruction for the securities fraud counts could have been misconstrued by the jury to define

8  "willfully" as to all counts, including that of circumventing internal accounting controls.  This

9  was not supported by the jury instructions.  The definition of "willfully" in Jury Instruction No.

10  24 stated, "An act is done willfully if done voluntarily and intentionally with the purpose of

11  undertaking an act that one knows to be wrongful."  The willfulness instruction did not discuss

12  reckless disregard.  Accordingly, new appellate counsel cannot show a substantial question of

13  law or fact on appeal on this issue.

14        Finally, the argument that the Court erred by not interviewing more jurors after the

15  December 8 hearing does not raise a substantial question of law or fact.  Rule 606(b) bars a

16  juror's testimony as to "any matter or statement occurring during the course of the jury's

17  deliberations or to the effect of anything upon that or any other juror's mind or emotions as

18  influencing the juror to assent to or dissent from the verdict or indictment concerning the juror's

19  mental processes in connection therewith."  There are two exceptions: a juror may testify as to

20  whether (1) "extraneous prejudicial information was improperly brought to the jury's attention"

21  or (2) whether "any outside influence was improperly brought to bear upon any juror."

22        As explained in the order denying defendant's motion for a new trial (Dkt. No. 1043),

23  based on the responses of the two jurors who were interviewed, it was clear that there was *no*

24  evidence that any extraneous information was consulted or improper contacts occurred during

25  this jury's deliberations.  There was therefore no basis to interview more jurors.

26

27

28

3

**United States District Court**

For the Northern District of California

1      Because his appeal will not raise a substantial question of law or fact as required under 18

2   U.S.C. 3143(b), defendant's motion for bail pending appeal is **DENIED**.

3

4   Dated: March 8, 2010.

_____

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28